## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ISABEL DIAZ DIAZ**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GMD AIRLINE SERVICES, INC. d/b/a GROUND MOTIVE DEPENDABLE; DOES I-X, CONJUGAL PARTNERSHIPS I-X, ABC INSURANCE COMPANIES, as well as any other unknown tortfeasors**<br><br>**Defendants.** | CIVIL NO.: 21-1253<br><br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLES 1802 & 1803, 31 P.R. Laws Ann. §§ 5141 & 5142.<br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**APPEARS NOW** the Plaintiff, **ISABEL DIAZ DIAZ**, through the undersigned attorney, and hereby states, alleges and demands judgment as follows:

### JURISDICTIONAL BASIS AND VENUE

1.    Jurisdiction in this case arises under 28 U.S.C. §1332 (diversity jurisdiction).

2.    Plaintiff is a citizen and domiciled in the State of Massachusetts, while all Defendants are businesses incorporated and/or operating with their principal place of business in Puerto Rico or a state of the United States other than Massachusetts.

3.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. §1332.

4.    Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391 since the events or omissions giving rise to this claim occurred in this district.

1

## THE PARTIES

4. Plaintiff **ISABEL DIAZ DIAZ** is of legal age, and a citizen and domiciled in the State of Massachusetts.

5. Defendant **GMD AIRLINE SERVICES, INC d/b/a GROUND MOTIVE DEPENDABLE** (hereinafter referred to as "**GMD**") is a corporation organized and operating under the laws of the Commonwealth of Puerto Rico with its principal place of business in Puerto Rico, which provides passenger and travel services within Luis Muñoz Marin International Airport.

6. Defendants **JOHN DOES I-X** are unknown and fictitiously named herein to be later replaced by their actual names, which may become known through discovery in this litigation, and may be liable to Plaintiff, in whole or in part, jointly and/or severally, for the damages caused to Plaintiff by the actions herein described.

7. Defendants **A, B, and C INSURANCE COMPANIES** are insurance companies presently unknown who are believed to provide named and unnamed defendants with liability insurance during the applicable time period.

## GENERAL ALLEGATIONS

9. Plaintiff **ISABEL DIAZ DIAZ** is a 72-year-old woman.

10. On July 6, 2020, Plaintiff **ISABEL DIAZ DIAZ** suffered a fall and broke her left wrist.

11. After being examined by medical personnel at Hospital Menonita Caguas, **ISABEL DIAZ DIAZ** received a recommendation for surgical treatment of the fracture on her left wrist.

12. On or around July 9, 2020, upon hearing of his mother's accident, Josue Sosa Diaz, Plaintiff's son, advanced previously scheduled travel plans to Puerto Rico to learn how to be of assistance to her and to take her to Massachusetts with him.

13. Surgical treatment for **ISABEL DIAZ DIAZ'** fractured wrist would be sought in Massachusetts.

14. In spite of Plaintiff **ISABEL DIAZ DIAZ'** fracture, she was capable of feeding herself and bathing herself with her right hand, as well as operating her cellphone.

15. On July 12, 2020, Plaintiff **ISABEL DIAZ DIAZ** and Josue Sosa Diaz arrived at Luis Muñoz Rivera Airport in San Juan, Puerto Rico to set off on their relocation to Massachusetts.

16. Plaintiff **ISABEL DIAZ DIAZ** was moved around in the airport on her own wheelchair, however, once she arrived at the airline gate, she was transferred to a wheelchair provided by the airport while her wheelchair was checked for her flight.

17. Once boarding commenced, Plaintiff **ISABEL DIAZ DIAZ** was transferred to a second wheelchair that could be moved through the airplane's interior aisle.

18. At that point, Plaintiff **ISABEL DIAZ DIAZ** was being moved by employees of Defendant **GMD.**

19. Once inside the airplane, **GMD's** employee moved Plaintiff **ISABEL DIAZ DIAZ** to her assigned seat area and asked her to stand from the wheelchair and sit in her assigned seat.

20. Josue Sosa Diaz warned the employee that his mother needed assistance to stand from the wheelchair because of her left wrist fracture and her difficulty walking and standing and that he would assist her.

21. The employee insisted that Plaintiff **ISABEL DIAZ DIAZ** stand from the wheelchair on her own and sit in her assigned seat.

22. Complacently, Plaintiff **ISABEL DIAZ DIAZ** attempted to stand from the wheelchair on her own and, as foretold by Josue Sosa Diaz, she fell to the floor.

23. Defendant **GMD's** employee stood between Plaintiff and Josue Sosa Diaz, making it impossible for him to come to his mother's aid as she fell down.

24. As she was falling, the Defendant **GMD's** employee grabbed **ISABEL DIAZ DIAZ** by her right arm, fracturing her right humerus in the process.

25. After the fall, while she was on the floor, the employee pulled **ISABEL DIAZ DIAZ** by her right arm again to stand her from the floor and place her on her seat.

26. Once the plane crew noticed what had happened, paramedics were called to assist **ISABEL DIAZ DIAZ.**

27. The paramedics immobilized **ISABEL DIAZ DIAZ'** right arm with a sling and called on the same employees that had attempted to transport **ISABEL DIAZ DIAZ** to her seat to now transport her off the plain to await an ambulance.

28. **ISABEL DIAZ DIAZ** was transported to Dr. Federico Trilla Hospital in Carolina, where X-rays were taken, confirming a fracture to her right humerus.

29. After confirming that casting the fracture was not an option, **ISABEL DIAZ DIAZ** was prescribed pain medication and received authorization to continue with her travel plans.

30. On July 12, 2020, **ISABEL DIAZ DIAZ** was transported again to Luis Muñoz Marín Airport, where this time **GMD** employees transferred her from the wheelchair to her assigned seat using a harness.

31. Before their departure, Josue Sosa Diaz called the police and filed a police report, which was designated as report number 2020:8-216-:001220. Officer Anthony Marrero Casado, badge number 30636 was the officer on the scene.

32. Once she arrived at her destination, employees of Bradley Airport in Massachusetts also used a harness to transfer **ISABEL DIAZ DIAZ** from her assigned seat to the wheelchair.

33. The pain caused by Plaintiff **ISABEL DIAZ DIAZ's** accident, for which Defendant **GMD** is responsible, was only the beginning of her troubles.

34. Before her fall at the hands of Defendant **GMD's** employees, Plaintiff **ISABEL DIAZ DIAZ's** could use her right hand to use her cellphone to communicate with her loved ones.

35. Once she arrived at Baystate Hospital in Massachusetts, due to COVID-19 regulations in place at that time, Plaintiff **ISABEL DIAZ DIAZ** was completely shut-off from the outside world and could not make use of her cellphone due to the fracture in her right arm, and her already fractured left wrist.

36. The medical personnel at Baystate Hospital confirmed the diagnosis provided by Dr. Federico Trilla Hospital to **ISABEL DIAZ DIAZ** of a comminuted, impacted fracture of the right humeral head.

37. Treatment of **ISABEL DIAZ DIAZ'** fracture would include physical and occupational therapy as well as immobilization through the use of a shoulder sling.

38. Plaintiff was interned at Baystate Hospital for 17 days and had to rely on hospital staff to assist her in communicating with Josue Sosa Diaz and her loved ones.

39. Plaintiff's inability to even use her cellphone to communicate with her loved ones while admitted at the hospital caused her great emotional pain.

40. Further complicating matters for Plaintiff **ISABEL DIAZ DIAZ**, her body could not process the pain medication she was prescribed by the hospital, which caused her to lose consciousness.

41. Plaintiff now had to choose whether to risk further issues related to her body's rejection of the pain medications or to live with the pain caused by the fracture in her right arm.

42. After 17 days at Baystate Hospital, Plaintiff **ISABEL DIAZ DIAZ** was transferred to a rehabilitation center.

43. The medical personnel at the rehabilitation center attempted to ease Plaintiff's pain with medication as well, however, she lost consciousness again and had to be transferred to the emergency room at Holyoke Medical Center.

44. Plaintiff remained at Holyoke Medical Center for 7 days until her discharge to her son's care.

45. Plaintiff was unable to bathe and feed herself as she had done before her fall on July 12, 2020 and relied wholly on her son's aid to carry out these basic tasks.

46. Even now, Plaintiff can only partially bathe herself and still relies on a care-taker to carry out this and other tasks.

47. This caretaker assists **ISABEL DIAZ DIAZ** and her family for forty four (44) hours during the week.

48. Plaintiff's inability to use her dominant right hand to fend for herself has caused her great sorrow and emotional distress.

49. **ISABEL DIAZ DIAZ** feels like a burden to her family members and loved ones.

50. **ISABEL DIAZ DIAZ** sought psychological treatment and anti-depressants to help her cope with her new limitations and dependence on her son and on caretakers for basic tasks such as feeding herself and bathing herself.

51. **ISABEL DIAZ DIAZ**'s recovery has been slow, and she still has little to no strength in her right arm and her range of movement is severely impaired.

52. **ISABEL DIAZ DIAZ** continues to experience pain, swelling, tingling, and numbness related to her injuries, in addition to frustration and a general sense of despair regarding her inability to return to her previous state of health.

53. **ISABEL DIAZ DIAZ**'s current damages are all attributable to Defendants.

## FIRST CAUSE OF ACTION – NEGLIGENCE OF GMD AIRLINE SERVICES, INC. d/b/a GROUND MOTIVE DEPENDABLE UNDER 31 LPRA §5141 AND 5142

54. The factual allegations contained above are restated herein in full.

55. **GMD**, through the negligent and/or culpable acts and/or omissions of its officers, employees, and/or agents, servants caused damage to Plaintiff through fault or negligence in violation of 31 L.P.R.A. §5141 and/or 31 L.P.R.A.§5142.

56. On or about July 12, 2020, **GMD**, its agents, servants, officers, and/or employees provided a gamut of passenger services at Luis Muñoz Marín (LMM) International Airport in Isla Verde, Puerto Rico, including in-airport transportation services to passengers with special mobility needs.

57. At all times herein mentioned and considering the sensitive nature of the services they provide to people with special needs, it was the duty of **GMD**, their agents, servants, officers and/or employees, to ensure passenger safety when being transported.

58. At all times herein mentioned, **GMD** had a duty to train and educate its employees as to the appropriate ways of handling and transporting people with special mobility needs, including the elderly and sick.

59. **GMD** failed to train and educate its employees as to the appropriate ways of handling and transporting people with special mobility needs, including the elderly and frail.

60. **GMD**, its agents, servants, officers, and/or employees' negligence caused great injury to **ISABEL DIAZ DIAZ**.

61. As a direct result of **GMD**'s negligent acts or omissions, Plaintiff has suffered a broken right humerus and great emotional pain and anguish.

62. As a direct result of **GMD**'s agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff is unable to perform such basic activities as feeding herself and bathing herself.

63. As a direct result of **GMD's** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff has needed to employ a caretaker to perform these basic tasks for her.

64. As a direct result of **GMD's** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff continues to experience physical pain, emotional pain, limited mobility, and a general lack of strength in her dominant arm.

65. As a direct result of **GMD's** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff continues to feel helpless, frustrated, despondent, and with diminished feelings of self-worth.

66. As a direct result of **GMD's** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiff feels that she is a burden on her family since she can no longer fend for herself as she used to prior to July 12, 2020.

## SECOND CAUSE OF ACTION – NEGLIGENCE OF DOES I-X UNDER 31 LPRA §5141 AND 5142

67. The factual allegations detailed above are restated herein in full.

68. Defendants Does I-X are generically named for lack of knowledge of their identity at this point.

69. Defendants DOES I-X caused damages to Plaintiff through fault or negligence in violation

of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

70. Defendants DOES I-X, either personally or through their agents, servants, officers, and/or employees, failed to provide safe passenger transportation services at LMM International Airport.

71. Defendants DOES I-X negligent acts or omissions caused **ISABEL DIAZ DIAZ** damages.

72. Therefore, Defendants DOES I-X are jointly and severally liable for the damages caused to Plaintiff.

<u>**THIRD CAUSE OF ACTION – NEGLIGENCE OF A, B, and C INSURANCE COMPANIES**</u>

141. The factual allegations contained above are restated herein in full.

142. The insurance companies of any named or unnamed defendants, the A, B, and C Insurance Companies, are directly liable for the fault or negligence of their insured/s pursuant to 26 L.P.R.A. § 2001.

143. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

<u>**DAMAGES**</u>

144. The factual allegations contained above are restated herein in full.

145. As a direct result of the acts and/or omissions of Defendants, Plaintiff **ISABEL DIAZ DIAZ** has suffered damages in the form of physical injuries, mental and emotional anguish, and ongoing physical pain and suffering.

146. As a direct result of Defendants' negligent acts and/or omissions, **ISABEL DIAZ DIAZ** has a broken humerus that has not healed completely to this date.

147.     As a direct result of Defendants' negligent acts and/or omissions, **ISABEL DIAZ DIAZ** suffered intense pain and suffering from the fracture in her right arm and has been completely dependent on family members for most of her needs since the incident.

148.     As a direct result of Defendants' negligent acts or omissions, **ISABEL DIAZ DIAZ** experienced, and will continue to, experience past and future special damages, related to but not limited to the cost of past and future medical care, the costs associated with treatments, medications, therapies, equipment, and hiring of a caretaker due to the fracture in her right arm.

149.     As a direct result of Defendants' negligent acts and/or omissions, **ISABEL DIAZ DIAZ** has been overwhelmed emotionally.

150.     Plaintiff **ISABEL DIAZ DIAZ**' past and future physical damages have a reasonable value of not less than FIVE HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($575,000).

151.     Plaintiff **ISABEL DIAZ DIAZ**' past and future emotional damages have a reasonable value of not less than THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000).

152.     The economic damages suffered by Plaintiff, as part of her potential responsibility to reimburse Medicare and/or Medicare Advantage, for an unknown amount that could approximate **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)** that includes all lien and/or payment, reimbursement to which Medicare, Medicare Advantage, Medicaid, and/or any state or federal agency because of the hospital medical treatment as a result of the medical malpractice against the patient as alleged in this Complaint.

153.     Defendants are jointly and severally liable for all damages.

**TRIAL BY JURY DEMANDED**

168.        Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, in the amount of no less than ONE MILLION TWENTY-FIVE THOUSAND DOLLARS ($1,025,000) as well as reasonable attorney's fees, and such further relief as this Honorable Court may deem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 1st day of June 2021.

**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque St., 3rd Floor
San Juan, PR 00912
Tel: (787) 641-4545; Fax: (787) 641-4544
david.indiano@indianowilliams.com
jeffrey.williams@indianowilliams.com
vanesa.vicens@indianowilliams.com
jose.vazquez@indianowilliams.com

s/David C. Indiano
**DAVID C. INDIANO**
USDC PR BAR NO. 200601

s/ Jeffrey M. Williams
**JEFFREY M. WILLIAMS**
USDC PR BAR NO. 202414

s/ Vanesa Vicéns Sánchez
**VANESA VICÉNS SÁNCHEZ**
USDC PR BAR No. 217807

s/ José M. Vázquez Lozada
**JOSÉ M. VÁZQUEZ LOZADA**
USDC PR BAR NO. 303805